FILED
CLERK, U.S. DISTRICT COURT

AUG - 7 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  KATHRYN E. VAN HOUTEN (SBN 143402)
   IRSFELD, IRSFELD & YOUNGER LLP
2  100 W. Broadway, Ste. 920
   Glendale, CA 91210
3  Telephone: (818) 242-6859
   Facsimile: (818) 240-7728
4
5  Attorneys for Plaintiff
6
7              UNITED STATES DISTRICT COURT
8          FOR THE CENTRAL DISTRICT OF CALIFORNIA
9
10 UNITED STATES OF AMERICA,           )   Case No: 2:14-CV-06924- GHK(Ex)
11         Plaintiff,                  )
                                       )   ORDER FOR APPEARANCE
12     vs.                             )   AND EXAMINATION OF
                                       )   JUDGMENT DEBTOR
13 YOLANDA POWELL,                     )
                                       )
14         Defendant.                  )
                                       )
15 _____ )

16     Upon reading the foregoing Declaration, and it appearing that this is a proper
17 case for the appearance of said YOLANDA POWELL for application of plaintiff;
18     IT IS ORDERED THAT YOLANDA POWELL shall appear personally
19 before United States Magistrate Judge Charles F. Eick, in Courtroom 20
20 of the United States District Courthouse, located at **312 N. Spring Street, Los**
21 **Angeles, California 90012**; on September 18, 2015 at 9:30 a.m., to furnish
22 information to aid in enforcement of a money judgment against you. You are also
23 ordered to bring with you the documents or objects on the attached list, in your
24 possession or control.
25 ///
26 ///
27 ///
28 ///

1

1 | NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE
2 | TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE
3 | SUBJECT TO <u>ARREST</u> AND PUNISHMENT FOR CONTEMPT OF
4 | COURT, AND THE COURT MAY MAKE AN ORDER REQUIRING YOU
5 | TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE
6 | JUDGMENT CREDITOR IN THIS PROCEEDING. See CCP 708.110(e).

DATED: 8/7/15

UNITED STATES MAGISTRATE JUDGE

## LIST OF DOCUMENTS REQUESTED

1. Bank statements for the past 24 months from all banks, or other financial institutions, where you, or your spouse, have an account of any kind.

2. Business records for the present year and past calendar year which reflects assets, liabilities, gross receipts and expenses for any sole proprietorship, partnership or corporation in which you, or your spouse, own any interest.

3. Bank statements for the past 24 months from all banks or other financial institutions, where any sole proprietorship, partnership, or corporation in which you, or your spouse, own any interest, has an account of any kind.

4. All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary,

5. All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

6. All stocks, bonds or other securities of any class you may own, by you separately or jointly with others, including options to purchase any securities.

7. Titles and registration certificates to all motor vehicles, aircraft, and water craft owned by you or your spouse.

8. All life insurance policies in which you are either the insured or the beneficiary.

9. All promissory notes held by you or your spouse, and all other documents evidencing any money owed to you or your spouse either now or in the future.

10. All deeds, bills of sale, or other documents prepared or used in connection with any transfer of real property or personal property made by you or your spouse, either by gift, sales, or otherwise within the last five years.

3

11. Books of deposit, or other documents setting forth all deposits or receipts made by your or for your benefit in any savings an loan accounts, certificates of deposit or checking or other bank accounts for the past three years.

12. Books of deposit, canceled checks, bank statements, check registers and other documents setting forth all disbursements made by you from any savings accounts, savings and loan accounts, certificates of deposit or checking accounts.

13. Copies of all financial statements and loan applications submitted by you within the last five years for the purpose of obtaining credit.

14. Payroll records and records of earnings showing all earnings of and sums received by you for the past three years. Said record is to include salary, bonuses, expense account, automobile reimbursement, and other things of value received by you. Said record should detail each pay period for gross earnings and all deductions from said gross earnings.

15. Documents concerning any income received or receivable by you from any source whatsoever other than current earnings for the past three years.

16. Records of all sums on deposit to your credit in a credit union and/or any company savings account or plan of any type or description.

17. All records and court papers concerning any lawsuits in which you are involved in any manner.

18. You federal and state income tax returns, including W-2 Forms and supporting schedules, for the past three years.

19. All documents in your possession or under your control tending to establish your monthly expenses for the following: rent, food and household supplies, utilities, telephone, laundry and cleaning, clothing, medical, dental, insurance (life, health, accident, etc.), school, entertainment, incidentals, transportation, auto expenses, (insurance, gas, oil, repair, etc.) And installment payments, including canceled checks showing payments of said

charges, any and all bills, receipts, charge account statements and charge account receipts directly relating to said expenditures.

20. All financial statements for yourself, any member of your immediate family, or any business or partnership in which you have any ownership interest, filed or created from during the last five years.

Scott P. Shaw, Bar No. 223592
Aaron L. Renfro, Bar No. 255086
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:  (949) 717-3000
Fax:  (949) 717-3100
Sshaw@calljensen.com
Arenfro@calljensen.com

Attorneys for Defendants Notations, Inc.
d/b/a Elementz and Macy's Retail Holdings, Inc. (erroneously sued as Macy's, Inc.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>MACY'S, INC., a Delaware Corporation; NOTATIONS, INC. d/b/a ELEMENTZ, A Pennsylvania Corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 2:15-cv-00661-AB-E<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br><br><br>Complaint Filed:  January 28, 2015<br>Trial Date:  None Set |

Case 2:15-cv-00661-AB-E Document 22 Filed 08/07/15 Page 7 of 17 Page ID #:113
Case 2:15-cv-00661-AB-E Document 21-1 Filed 08/07/15 Page 2 of 13 Page ID #:95

On stipulation of the Parties, the Court enters a Protective Order in this matter as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. Accordingly, the parties have stipulated to and petitioned this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information. The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: All information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

NOT02-01:1551597_1:8-7-15                    - 2 -
[PROPOSED] PROTECTIVE ORDER

1         a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use;

4         b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

6         c) is otherwise regarded by a party as being confidential, private, or proprietary in nature.

    2.4   "Attorneys' Eyes Only": Discovery Material or such portion of such material that the disclosing party has a reasonable belief that the information disclosed, if known to one or more parties in the case would have a reasonable chance of putting the disclosing party to a competitive disadvantage or otherwise result in the disclosure of sensitive proprietary information that could cause future harm. Notwithstanding the terms of this agreement, Plaintiff's attorney is entitled to disclose to Plaintiff the total revenue and gross profit data disclosed in this action, as well as the names of any parties responsible for distributing the infringing product at issue, or any components of said product.

    2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    2.8   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    2.9   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a

professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.

2.10 **Professional Vendors**: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to

designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order. Then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

    (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    (c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

    5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating

Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3 <u>Court Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the

Designating Party in the meet-and-confer dialogue. The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue as such.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Board members, officers and directors of the Receiving Party;

(c) Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality

obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court personnel assigned to this litigation;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author of the document or the original source of the information.

7.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court personnel assigned to this litigation;

     (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

     (e)    the author of the document or the original source of the information.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons and after following the procedures provided for in Local Rule 79-5.1, a Party may not file in the public record in this action any Protected Material.

### 11. FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Unicolors, Inc. v. Macy's, Inc., et al.*, Case No. 2:15-cv-00661-AB-Ex. I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____