1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10   UNICOLORS, INC.,                          Case No. CV 15-00661-AB (Ex)

11                                             **ORDER DENYING PLAINTIFF'S**
                          Plaintiff,           **MOTION FOR SUMMARY**
12                                             **JUDGMENT AND DENYING**
                                               **DEFENDANTS' MOTION FOR**
13   v.                                        **SUMMARY ADJUDICATION (DKT.**
                                               **NOS. 24, 26)**
14   MACY'S, INC.; NOTATIONS, INC.,

15                          Defendants.

16

17

18

19        Plaintiff Unicolors, Inc. ("Unicolors") filed this lawsuit on January 28, 2015

20   against Defendants Macy's Inc. ("Macy's") and Notations, Inc. ("Notations")

21   (collectively referred to as "Defendants").  (Dkt. No. 1, Complaint ("Compl.").)  The

22   complaint alleges that Defendants infringed Unicolors's copyrighted two-dimensional

23   artwork used for textile printing called GD201 (the "Subject Design") by

24   manufacturing, distributing, and selling fabric and garments featuring an identical or

25   substantially similar design.  (*Id.* at ¶¶ 11-14.)  Unicolors alleges claims for copyright

26   infringement and vicarious and/or contributory copyright infringement.  (*See*
     *generally* Compl.)
27
          Before the Court are two Motions for Summary Judgment filed by the parties in
28

1     this copyright infringement action.  (Dkt. Nos., 24, 26.)  Unicolors requests that the

2     Court grant summary judgment on the ground that Unicolors has successfully

3     demonstrated its claim for copyright infringement against Defendants.  (Dkt. No. 26

4     ("Pl. Mot.").)  Defendants seek summary judgment based on Unicolors's failure to

5     provide proof of additional profits of the Defendants' alleged infringement.  (Dkt. No.

6     24 ("Def. Mot.").)   Both Parties filed an Opposition and a Reply to the respective

7     motions.  (Dkt. Nos. 33, 34, 37, 44-46.)   Oral argument was held on January 4, 2016.

8     (Dkt. No. 59.)

9        Having carefully reviewed the materials submitted by the parties and the

10    arguments presented during oral argument, and for the reasons indicated below, the

11    Court **DENIES** both motions.

12    **I.**     **LEGAL STANDARD**

13        A motion for summary judgment must be granted when "the pleadings, the

14    discovery and disclosure materials on file, and any affidavits show that there is no

15    genuine issue as to any material fact and that the movant is entitled to judgment as a

16    matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

17    247–48 (1986).  The moving party bears the initial burden of identifying the elements

18    of the claim or defense and evidence that it believes demonstrates the absence of an

19    issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the

20    nonmoving party will have the burden of proof at trial, the movant can prevail merely

21    by pointing out that there is an absence of evidence to support the nonmoving party's

22    case.  *Id.*  The nonmoving party then "must set forth specific facts showing that there

23    is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.

24        "Where the record taken as a whole could not lead a rational trier of fact to find

25    for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at

26    587.  The Court must draw all reasonable inferences in the nonmoving party's favor.

27    *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*,

28    477 U.S. at 255).  Nevertheless, inferences are not drawn out of thin air, and it is the

1  nonmoving party's obligation to produce a factual predicate from which the inference

2  may be drawn. *Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244–45 (E.D.

3  Cal. 1985), *aff'd,* 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald

4  assertion that a genuine issue of material fact exists" does not preclude summary

5  judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

6  ## II.    FACUAL SUMMARY

7  The following facts are taken from the Parties' pleadings and exhibits.[1]

8  Unicolors, Inc. ("Unicolors") is a Los Angeles-based textile converter. (Dkt.

9  No. 26-1, Statement of Uncontroverted Facts ("SUF") ¶ 1.) Unicolors creates two-

10  dimensional works for use on textiles and garments, and files and receives copyright

11  registrations for these works. (*Id*.) Unicolors pays companies that perform printing

12  services to print fabric bearing Unicolors's exclusive designs and then it sells that

13  fabric to its customer base. (SUF ¶ 2.) The customer base is composed mainly of

14  companies that make and sell garments to retailers. (*Id*.) Unicolors generates

15  business by marketing its line of designs to these customers, who will purchase

16  Unicolors's fabric to create clothing that is sold at retail stores. (SUF ¶ 3.)

17  Unicolors claims to be the owner of the copyright registration to the Subject

18  Design. (SUF ¶ 7; Dkt. Nos. 26-7, 26-8 ("Certificate of Registration").) However,

19  the owner of two-dimensional artwork at issue is a fact in dispute. The Subject

20  Design was registered with the United States Copyright Office on February 23, 2009

21  and allocated Registration VA-1-172-384. (SUF ¶ 7.) The Subject Design a "2-

22  Demonstrional artwork" which is compromised of a collection of 27 designs or

23  copyrighted works entitled "Flower 2009 (02)." (*Id*.)

24  After the Subject Design was created, Unicolors provided fabric samples to

25  

---

26  [1] The Court has reviewed Defendants' objections to Unicolors's proposed uncontroverted statement
of facts. (Dkt. No. 36.) Because the Court relied only on admissible evidence, except as otherwise

27  noted, any objections that are inconsistent with the Court's ruling are **OVERRULED**. All other
objections are **SUSTAINED**.

28

prospective customers, who are primarily suppliers to the Los Angeles fashion industry.  (SUF ¶ 9.)  Beginning in or around December 2014, Unicolors discovered garments (herein after the "Subject Garments") bearing the Subject Design available for sale at Macy's that had been manufactured by Notations.  (SUF ¶ 10.)  Unicolors never gave permission or authorization to either Macy's or Notations to sell the Subject Garments bearing the Subject Design.  (SUF ¶ 11.)  Notations sold the Subject Garments to Macy's.  (SUF ¶ 12.)  Notations internally designated the styles "MCFK0245" and "MCAD0293."  (*Id*.)  Macy's then sold the Subject Garments bearing the Subject Design to customers.  (*Id*.)  In December 2014, Unicolors's counsel sent cease and desist letters to Macy's and Notations regarding their unauthorized use of the Subject Design and the sale of the Subject Garments.[2]  (SUF ¶ 13.)

On January 23, 2015, Unicolors filed the instant action alleging copyright infringement against Macy's and Notations.  (*See* Compl.)  Both Parties now move for summary judgment on various issues.  (*See* Pl. Mot.; Def. Mot.)

## III.  DISCUSSION

Unicolors moves for summary judgment on copyright infringement, as well as on vicarious and contributory infringement.  Defendants move for summary judgment alleging that Plaintiff cannot prove that any infringement of Plaintiff's distribution right by Defendants has caused Plaintiff to suffer any actual damage or harm and that Plaintiff cannot prove that the Defendants earned any additional profits caused by violating Plaintiff's distribution right.

### A. Unicolors Summary Judgment Motion on Copyright Infringement is DENIED Because a Triable Issue Exists as to Unicolors's Ownership.

To prevail on its copyright infringement claim, Unicolors must prove (1) ownership of a valid copyright in the Subject Design; and (2) infringement, meaning

---

[2] Defendants dispute whether Macy's received this cease and desist letter.

that Defendants copied protected elements of Unicolors's work.  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 341 (1991); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Defendants challenge Unicolors's claim on the first prong—whether Unicolors is the copyright owner of the Subject Design.  (Dkt. No. 34, pp. 4-9.)

### 1.  Triable Issues Exists as to Whether Unicolors Have a Valid Copyright Registration.

"Ownership of the copyright is . . . always a threshold question."  *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir. 1983).  The ownership element of a copyright "breaks down into the following constituent parts: (1) authorship, and (2) copyrightability of the subject matter."  *Classic Concepts, Inc. v. Linen Source, Inc.*, Nos. CV 04–8088 GPS, CV 04–8457 GPS, 2006 WL 4756377, at * 1 (C.D. Cal. Apr. 27, 2006) (citing 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.01[A] (2005)).  Under 17 U.S.C. § 410(c) (2011), the registration certificate constitutes *prima facie* evidence of the "validity of the copyright and the facts stated in the certificate."  A certificate of registration creates a presumption of ownership of a valid copyright, which the defendant has the burden to rebut.  *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

Here, Unicolors has introduced evidence that it holds a Certificate of Registration, which covers 27 designs, for the Subject Design, issued within five years after the designs were first published.  (*See* Certificate of Registration.)  Therefore, Unicolors has established a rebuttable presumption that it owns a valid copyright in the Subject Design.

Defendants now have the burden to prove the invalidity of Unicolors's copyrights.  *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (A certificate of copyright registration, in other

5.

1    words, "shifts to the defendant the burden to prove the invalidity of the

2    plaintiff's copyrights."); *accord Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345

3    F.3d 1140, 1144 (9th Cir. 2003) ("To rebut the presumption [of validity], an

4    infringement defendant must simply offer some evidence or proof to dispute or deny

5    the plaintiff's prima facie case of infringement.") (internal quotation and citation

6    omitted).  In their Opposition, Defendants argue that, despite the Certificate of

7    Registration, Unicolors cannot satisfy the ownership element of its copyright

8    infringement claim because (1) Unicolors does not have a valid group registration, and

9    (2) Unicolors does not have a valid single work registration.  (Dkt. No. 34, pp. 4-9.)

10       Multiple works, as the case here with the Subject Design containing 27

11   copyrighted works (*see* Certificate of Registration), may be registered for copyright

12   protection at one time, either through a single work registration or, for certain classes

13   of works, a group registration. 37 C.F.R. §§ 202.3(b)(4)-(10); 17 U.S.C.S. §

14   408; *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 58 (S.D.N.Y. 2009).  In the case

15   of published works, the Register of Copyrights has issued regulations permitting

16   group registration for "automated databases," "related serials," "daily newspapers,"

17   "contributions to periodicals," "daily newsletters," and "published photographs."  37

18   C.F.R. § 202.3(b)(5)-(10).  As with this matter, a "group registration of published

19   photographs" is available if a variety of conditions are met, including that the

20   photographs all have been published within the same calendar year.  *Id.* at §

21   202.3(b)(10).

22       A single group work registration is available for "all copyrightable elements

23   that are otherwise recognizable as self-contained works, that are included in a single

24   unit of publication, and in which the copyright claimant is the same."  37 C.F.R. §

25   202.3(b)(4)(i)(A).  A single work registration for a collection of published works, as

26   the case here, requires that "all of the self-contained works be 'included in a single

27   unit of publication' and share the same copyright claimant."  *Kay Berry, Inc. v. Taylor*

28

6.

1 | *Gifts, Inc., et al.*, 421 F.3d 199, 205 (3d Cir. 2005) (quoting 37 C.F.R. §
2 | 202.3(b)(4)(A)).

3 | As to the first component of this argument, Defendants argue that group
4 | registrations under the Copyright Act do not cover categories such as Unicolors's two-
5 | dimensional textile design.  (Dkt. No. 34, pp. 4-5.)  Unicolors contends that its group
6 | registration was proper because "[p]hotographs are nothing more than two
7 | dimensional images just like two dimensional textile designs [which means] textile
8 | designs fall within the same principle and intent behind permitting published
9 | photographs to be registered as a group."  (Dkt. No. 44, p. 2.)

10 | Unicolors's arguments are unpersuasive.  The proposition that because
11 | photographs and textile designs are both two-dimensional images infers that the
12 | Subject Design fall under the ambit of the federal group registrations, while creative,
13 | lacks any legal foundation.  Indeed, Unicolors provides no case law to support this
14 | argument.  A group registration is only available for automated databases, related
15 | serials or periodicals, daily newspapers, contributions to periodicals, daily newsletters,
16 | and published photographs.  *See* 37 C.F.R. § 202.3(b)(5)-(10).  The case here concerns
17 | the Subject Design (and the 27 designs it is compromised of) which is described as a
18 | "2-Dimensional artwork."  (*See* Certificate of Registration.)  However, none of the
19 | categories mentioned in 37 C.F.R. § 202.3(b)(5)-(10) cover two-dimensional artwork
20 | known as textile design.  Therefore, the certificate of copyright registration for the
21 | Subject Design should be treated as a single work registration.  *Olander Enterprises,*
22 | *Inc. v. Spencer Gifts, LLC*, 812 F.Supp.2d 1070, 1075 (C.D. Cal. 2011) ("Since belt
23 | buckles are not covered by any of the categories of works that may be covered by
24 | 'group registration,' [plaintiff] must show that its registrations satisfy the regulatory
25 | requirements for "single work" registration for a group of published works.");
26 | *R.F.MA.S, Inc. v. So*, 619 F. Supp.2d 39, 58 (S.D.N.Y. 2009) (plaintiff's registration
27 | for jewelry designs not valid to the extent it purported to be a "group" registration).

28 |

1    As for Defendants' second argument, they argue, *inter alia*, that the single work

2    copyright registration is questionable because Unicolors has failed to produce

3    evidence that the 27 component works of the registered collection have the same

4    publication date.  (Dkt. No. 34, pp. 5-9.)  According to Defendants, Unicolors "has not

5    submitted evidence to support the 'single unit of publication' requirement" which

6    presents a factual dispute regarding Unicolors's claim of owning a valid copyright.

7    (*Id.* at p. 6.)

8    As mentioned, an applicant may obtain a "single work" registration for a group

9    of published works if "all copyrightable elements . . . are otherwise recognizable as

10   self-contained works," the works "are included in a single unit of publication," and

11   "the copyright claimant is the same" for all of the works. 37 C.F.R. §

12   202.3(b)(4)(i)(A).  While " [t]here is no controlling authority directly interpreting the

13   'single unit of publication' requirement[,]" the Copyright Act defines the term

14   publication as "the distribution of copies or phonorecords of a work to the public by

15   sale or other transfer of ownership, or by rental, lease, or lending . . . ." *Olander*, 812

16   F.Supp.2d at 1076 (citing *United Fabrics Int'l, Inc. v. C & J Wear, Inc.*, 630 F.3d

17   1255, 1259 (9th Cir. 2011) (noting that "a necessary element of a published-collection

18   copyright is that the collection is sold, distributed or offered for sale concurrently"));

19   17 U.S.C. § 101.  Consequently, as Defendants noted, "[a]ssuming . . . that a group of

20   27 dissimilar designs can constitute a valid single unit of publication for registration

21   of each individual design contained herein, the issue here is whether the individual

22   pieces displayed in the deposit were all first offered for sale or sold together at the

23   same time."  (Dkt. No. 34, p. 7.)

24   Here, the Subject Design is registered under United States Registration VA-1-

25   172-384, the certificate for which states that the work was first published on February

26   6, 2009.  (*See* Certificate of Registration.)  Indeed, Unicolors provides testimony from

27   its person most knowledgeable, Nader Pazirandeh, to prove that the Subject Design

28   was sold as a collection on February 9, 2009.  (Dkt. No. 44-3 (Nader Pazirandeh

Deposition), 32:24-33:1 ("Q: And [the first sale of the Subject Design] occurred on February 6th, 2009, as far as you are aware? A: Yes.").)  Defendants offer evidence alleging that the first sale of the Subject Design was on March 9, 2009 to a company called Conte, Inc.  (*See* Dkt. Nos. 54, 55 (Unicolors's invoices for the Subject Design).)  Moreover, this sale of the Subject Design was separate from the other 26 component works.  (*Id.*)  In other words, there is a material factual dispute as to when the first sale of the Subject Design was sold as a single unit of publication, *i.e.* the full collection of works, rather than a separate sale of dissimilar designs.  Unicolors's testimonial evidence and Defendants' evidence of invoices demonstrate that there are facts that remain unresolved.  These various factual disputes raise doubts as to whether the Court can determine, as a matter of law, whether the Subject Design was first published as a single unit on February 6, 2009.  Such a doubt warrants denying summary judgment in favor of Unicolors.  *Johannes v. County of Los Angeles*, No. CV 02–03197–SVW (VBK), 2011 WL 6149253 at *6 (C.D. Cal. 2011) ("where the evidence conflicts, questions of credibility and motivation generally present an issue of material fact inappropriate for resolution on summary judgment" (citing *Allen v. Scribner*, 812 F.2d 426, 435, 437 (9th Cir.1987), *amended on other grounds*, 828 F.2d 1445 (9th Cir.1987))).

In light of the foregoing, Unicolors has not met its burden to establish ownership of the copyright to the Subject Design.  First, the Subject Design does not fall within the enumerated categories under group registration regulations.  Moreover, because triable issues exists as to whether Unicolors has a valid single work registration for the Subject Design, the Court find cannot find, as a matter of law, that Unicolors owns a valid copyright in the Subject Design.  Thus, Unicolors has failed to prove the first element—that it owns a valid copyright registration—of this copyright infringement action, and Unicolors therefore cannot prevail on its summary judgment motion.  *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996) ("To establish copyright infringement, a plaintiff *must* show that . . . she owns the allegedly infringed

1  work . . . .") (emphasis added) (citation omitted).

2          Accordingly, the Court **DENIES** this Summary Judgment Motion.

3      **B. Defendants' Summary Judgment Motion Regarding Actual and**

4          **Additional Profits is DENIED.**

5          Defendants seek summary judgment alleging that Plaintiff cannot prove that

6  any alleged infringement by Defendants caused actual damages or additional profits.

7  (*See* Def. Mot.)

8          Under the Copyright Act, a plaintiff may recover statutory damages *or* actual

9  damages and profits for infringement.  17 U.S.C. § 504(a) (emphasis added).

10  Specifically, copyright damages include the copyright owner's actual damages and the

11  infringer's actual profits, or statutory damages of up to $150,000 per work.  *See* 17

12  U.S.C. § 504; *see also Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 512 n. 5 (9th

13  Cir. 1985).  As it pertains to actual damages, "the copyright owner is entitled to

14  recover the actual damages suffered by him or her as a result of the infringement, and

15  any profits of the infringer that are attributable to the infringement and not taken into

16  account in computing the actual damages."  17 U.S.C. § 504(b).  "Actual damages are

17  usually determined by the loss in the fair market value of the copyright, measured by

18  the profits lost due to the infringement or by the value of the use of the copyrighted

19  work to the infringer."  *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557,

20  566 (7th Cir.2003); *see also Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002)

21  (approving of recovery of reasonable license fee).  Under Section 504(b), actual

22  damages must be suffered "as a result of the infringement," and recoverable profits

23  must be "attributable to the infringement."  "[A] causal link between the infringement

24  and the monetary remedy sought is a predicate to recovery of both actual damages and

25  profits."  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir.

26  2004) (holding "that a plaintiff in a § 504(b) action must establish this causal

27  connection, and that this requirement is akin to tort principles of causation and

28  damages.") (citation omitted).

1    Defendants' argument is premised on the belief that Unicolors is unable to
2    establish a causal link between Defendants' profits from the Subject Garments and the
3    infringing activity (which originated from the Subject Design).  (*See generally* Def.
4    Mot.)  Defendants presented an identical argument to the Honorable Otis D. Wright, II
5    in *United Fabrics, Int'l, Inc., v. G-III Apparel Group, Ltd., et al.*, No. CV13-00803,
6    2013 WL 7853485, at **7-8 (C.D. Cal. 2013).  In that case, Judge Wright concluded
7    that "[t]he problem with Defendants' argument is that it hinges on Defendants'
8    knowledge.  In order to entertain Defendants' arguments about merely being
9    "downstream infringers," the Court must first find that Defendants' infringement was
10   innocent.  Since the Court has made no such finding, the Court cannot grant summary
11   judgment on the issue of actual damages."  *Id*.  This Court finds the *United Fabrics*
12   decision persuasive.  In order to make findings that Defendants suggest, the Court
13   would have to find that the infringement was innocent.  Such a determination rests on
14   what Defendants' knew while they were selling the Subject Garments.  This is a fact
15   intensive question that would be inappropriate to decide on a summary judgment
16   motion.  Rather, it is for a jury to determine whether Defendants' were innocent as
17   "downstream infringers."

18       The Court therefore **DENIES** Defendants' summary judgment on Unicolors's
19   actual damages and profits.

20   **IV.    CONCLUSION**

21       Accordingly, Unicolors has failed to establish copyright infringement as a
22   matter of law.  Unicolors's Motion for Summary Judgment is therefore **DENIED**.
23   (Dkt. No. 26.)

24       ///
25       ///
26       ///
27       ///
28       ///

As for Defendants' Motion for Summary Adjudication, Defendants have also failed to meet their burden that Unicolors cannot prove additional damages as a matter of law.  Defendants' Motion is therefore **DENIED**. (Dkt. No. 24.)

**IT IS SO ORDERED.**

Dated:  February 4, 2016

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE